## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**ACNR Resources, Inc.,**
**Employer Below, Petitioner**


**v.)**     **No. 25-111** (JCN: 2023003682)
                    (ICA No. 24-ICA-204)

**Timothy M. Price,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION


Petitioner ACNR Resources, Inc. appeals the December 6, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See ACNR Resources, Inc. v. Price*, No. 24-ICA-204, 2024 WL 5010607 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision). Respondent Timothy M. Price filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the April 19, 2024, decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), which reversed three orders entered by the claim administrator. As an initial matter, the Board of Review added (1) derangement of the posterior horn with meniscus tear of the right knee and (2) sprain of the medial collateral ligament of the right knee to the claim as compensable conditions. Next, the Board of Review granted the claimant's application for a reopening of the claim for additional temporary total disability benefits.[2] Finally, the Board granted authorization for physical therapy and Orthovisc injections.

The employer asserts that the claimant's meniscus tear is degenerative in nature and not causally related to the compensable injury. Regarding the sprain of the medial collateral ligament of the right knee, the employer argues that, even if this condition was properly added to the claim, the addition of a sprain as a compensable condition does not justify a reopening of the claim for additional temporary total disability benefits. The employer further argues that the Board of Review erred in reversing the claim administrator's denial of authorization because the requested treatments of physical therapy and Orthovisc injections would treat the claimant's degenerative arthrosis instead of the compensable injury. Therefore, the employer argues that this Court should reverse the ICA and the Board of Review and reinstate the claim administrator's denials of the claimant's requests. The claimant counters by arguing that the ICA performed a thorough review

---

[1] The employer appears by counsel Aimee M. Stern, and the claimant appears by counsel J. Thomas Greene Jr. and T. Colin Greene.

[2] The Board of Review directed the claim administrator to grant temporary total disability benefits beginning on May 18, 2023, and thereafter as substantiated by proper evidence.

of all of the issues the parties litigated in this claim and provided analysis on each point in determining that the Board of Review was not clearly wrong in reversing the claim administrator's denials. Therefore, the claimant argues that the ICA properly affirmed the Board of Review's decision to add the requested conditions, reopen the claim for temporary total disability benefits, and authorize the requested treatments.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

2